<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERONICA ROSARIO,<br><br>　　Plaintiff,<br><br>　　v.<br><br>WALMART, INC.,<br><br>　　Defendant. | Case No. 23cv2244 (EP) (JBC)<br><br>**ORDER** |

Pending before the Court is the December 5, 2024 Report and Recommendation of the Honorable Judge James B. Clark, III, United States Magistrate Judge, which *sua sponte* recommends that the District Court dismiss the above-captioned action *with prejudice* for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  D.E. 23 ("R&R").  The R&R follows Plaintiff's unexpected death in January 2024 and the failure of any party to make a timely motion to substitute the Plaintiff in this matter despite multiple opportunities to do so.  *Id.* at 1-3.  No objections were filed to the R&R.

When a magistrate judge addresses dispositive motions, including a *sua sponte* motion to dismiss, a magistrate judge will submit a report and recommendation to the district court.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2).  The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  § 636(b)(1).  If there has been a timely objection to the report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  *Id.*  Where no timely objection has been made, the district court need only satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation.  *See* Fed. R. Civ. P. 72(b),

advisory committee notes (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879); *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting some review should be given to report and recommendation by judges).  Only if the district court adopts a report and recommendation does it have the force of law.  *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

Here, Judge Clark correctly analyzed the six "*Poulis* factors" that the Third Circuit has instructed courts to balance when deciding whether to impose an involuntary order of dismissal. R&R at 3-5 (analyzing *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984)).  Like Judge Clark, this Court recognizes the strong policy favoring decisions on the merits.  *See Hildebrand v. Allegheny County,* 923 F.3d 128, 132 (3d Cir. 2019).  However, for the reasons set forth in the R&R, the Court agrees with Judge Clark that dismissal is the appropriate outcome under the circumstances here.  The Court finds no clear error and will adopt the R&R.  Therefore,

**IT IS**, on this **23rd** day of January, 2025;

**ORDERED** that the R&R, D.E. 23, is **ADOPTED**; and it is further

**ORDERED** that Plaintiff's claims are **DISMISSED** *with prejudice*, pursuant to Fed. R. Civ. P. 41(b); and it is finally

**ORDERED** that the Clerk of the Court shall mark this case **CLOSED**.

Evelyn Padin, U.S.D.J.